United States District Court
Southern District of Texas
ENTERED

DEC 2 7 2011

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT HARVEY, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-11-64 |
| | § | |
| UNITED HEARING SERVICES | § | |
| CORP. and FRANK MILLER, | § | |
| *Defendants.* | § | |

### FINAL JUDGMENT

Before the Court are two post-verdict motions in the above-styled cause of action. A three

day trial was held earlier this year, which culminated in the jury's delivery of a verdict. Based upon

the verdict, Plaintiff Robert Harvey filed a Motion for Entry of Judgment ("Motion for Entry of

Judgment"), requesting that the Court order the clerk to prepare a judgment. Defendants United

Hearings Services Corp. and Frank Miller raised or renewed objections to unfavorable portions of

the jury's verdict in Defendants['] Motion to Disregard Jury Findings and Motion for Judgment as

a Matter of Law or in the Alternative a Remittitur ("Motion for Judgment as a Matter of Law").

Upon considering the pending motions and the applicable law, the Court **GRANTS in part and**

**DENIES in part** Plaintiff's Motion for Entry of Judgment [Doc. No. 39], and the Court **GRANTS**

**in part and DENIES in part** Defendants' Motion for Judgment as a Matter of Law [Doc. No. 40]

and hereby enters this its judgment in the above-styled and numbered cause.

The verdict form submitted seven questions to the jury, and Defendants' Motion for

Judgment as a Matter of Law urges objections to Jury Question No. 3,[1] Jury Question No. 4,[2] and

---

[1]Jury Question No. 3 reads:

Did Robert Harvey fail to receive all monies he was entitled to by virtue of his

Jury Question No. 5.[3]  Defendants also move for the entry of judgment for Defendants as a matter

of law pursuant to FED.R.CIV.P. 50(b).[4]  Under this rule, a trial court may direct the entry of

judgment as a matter of law after a verdict is entered if the court finds that a "reasonable jury would

not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P.

50(a).  Finally, Defendants also appear to request a remittitur—even though no such request was

made in the body of the motion—since the formal title includes a request for, "in the [a]lternative,"

a remittitur.  Plaintiff did not respond to any of these arguments.

 Turning first to Defendants' arguments that the Court should direct the entry of judgment as

a matter of law on the issues raised in Jury Question No. 3 and Jury Question No. 4, the Court is

─────────────

ownership in South Texas Vestibular Corporation/United Hearing Services
Corporation for year 2009?

[2]Jury Question No. 4 reads:

How much money was Robert Harvey underpaid, if any, for year 2009?

[3]Jury Question No. 5 reads, *in part*:

 Is Frank Miller responsible for the conduct of South Texas Vestibular
Corporation/United Hearing Services Corporation?

[4]This rule reads:

If the court does not grant a motion for judgment as a matter of law made under Rule
50(a), the court is considered to have submitted the action to the jury subject to the
court's later deciding the legal questions raised by the motion.  No later than 28 days
after the entry of judgment—or if the motion addresses a jury issue not decided by
a verdict, no later than 28 days after the jury was discharged—the movant may file
a renewed motion for judgment as a matter of law and may include an alternative or
joint request for a new trial under Rule 59.  In ruling on the renewed motion, the
court may:
  (1) allow judgment on the verdict, if the jury returned a verdict;
  (2) order a new trial; or
  (3) direct the entry of judgment as a matter of law.

unconvinced. These jury questions addressed the issue of whether Plaintiff was underpaid by virtue of his ownership in Defendant United Hearing Services Corporation during 2009. As to whether Plaintiff was underpaid, the jury answered "yes" on the verdict form, and as to how much Plaintiff was underpaid, the jury answered in Question No. 4: "$180,506." The Court finds that, based on the evidence adduced at trial, there was a sufficient evidentiary basis for a reasonable jury to find for Plaintiff on this issue.

The Court does, however, find merit in Defendants' contentions regarding Jury Question No. 5. This jury question addressed the issue of whether liability could be imposed on Defendant Frank Miller ("Miller") for the obligations of Defendant United Hearing Services ("UHS") that formed the basis of Plaintiff's contract claims in this case. Defendants argue that there was no legally sufficient evidentiary basis for finding that Miller was responsible for the conduct of UHS. The Court agrees, but for a different reason.

In Texas, a shareholder

> may not be held liable to the corporation or its obligees with respect to . . . any contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the holder, beneficial owner, subscriber, or affiliate is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory . . . .

TEX. BUS. ORGS. CODE ANN. § 21.223(a)(3) (Vernon Pamph. 2011). However, a shareholder may still be liable

> if the *oblige demonstrates that the [shareholder] caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the [shareholder].*

TEX. BUS. ORGS. CODE ANN. § 21.223(b) (emphasis added). If the conditions set out in section 21.223(b) are met, an obligee may "pierce the corporate veil" and impose liability on the shareholder

3

under several theories. *See Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986) (setting out six grounds on which the corporate form may be disregarded), superseded in part by Act effective Sept. 1, 1997, 75th Leg., R.S., Ch. 375, § 7, 1997 Tex. Gen. Laws 1522, 1522–23 (amended 2003 & 2007) (current version at Tex.Bus.Orgs.Code Ann. § 21.223).

At trial, Plaintiff contended that piercing the corporate veil was appropriate in this case under the "alter ego doctrine." This theory "may be applied if there is a unity between the corporation and the individual to the extent that the corporation's separateness has ceased, and holding only the corporation liable would be unjust." *Penhollow Custom Homes, LLC v. Kim*, 320 S.W.3d 366 (Tex.App.—El Paso 2010, no writ); *see also W. Horizontal Drilling v. Jonnet Energy Corp.*, 11 F.3d 65 (5th Cir. 1994) (explaining the Supreme Court of Texas "defined alter ego as when 'a corporation is organized and operated as a mere tool or business conduit of another corporation'") (citing *Castleberry*, 721 S.W.2d at 272). Jury Question No. 5 restated the alter ego doctrine as it has been explained by Texas state courts.

Despite the jury's finding favorable to Plaintiff Robert Harvey ("Harvey") on this question, this Court holds that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff. While there was evidence that Miller and UHS were "alter egos," use of the corporation to perpetrate an actual fraud "on the obligee" is a prerequisite to applying any theory of "piercing the corporate veil" in Texas, at least with regard to contract cases. As defined in Question No. 5, "actual fraud" means "involving dishonesty of purpose or intent to deceive." *Accord Latham v. Burgher*, 320 S.W.3d 602, 606–607 (Tex.App.—Dallas 2010, no writ) (citing *Dick's Last Resort of West End, Inc. v. Market/Ross, Ltd.*, 273 S.W.3d 905, 908 (Tex.App.—Dallas 2008, writ denied)). In order to succeed on a veil-piercing theory, it is necessary that Plaintiff prove that Miller used UHS

4

to perpetrate an actual fraud *on Harvey* for Miller's direct personal benefit. TEX.BUS.ORGS.CODE ANN. § 21.223(b); *see also Phillips v. United Heritage Corp.*, 319 S.W.3d 156, 168 (Tex.App.—Waco 2010, no pet. h.). The evidence presented at trial was insufficient to support this element.

There is no evidence that Miller used the UHS corporate form to engage in conduct "involving dishonesty of purpose," or acted with "intent to deceive" Harvey. Although Harvey urges as evidence of alter ego Miller's alleged use of funds acquired from Medicare disbursements to pay personal expenses, it is clear from the trial testimony that both Harvey and Miller used corporate funds for personal expenses. In other words, a reasonable jury would not have any cogent evidence to conclude that Miller used UHS to perpetrate an actual fraud on Harvey, since Harvey was fully aware that corporate money was used to pay personal expenses. Harvey, far from being deceived by such conduct, in fact, at times benefitted from it. Therefore, the Court grants Defendants' Motion for Judgment as a Matter of Law insofar as Defendants are entitled to judgment as a matter of law on this particular issue.

For the foregoing reasons, the Court grants in part and denies in part Defendant's Motion. The Court also grants in part and denies in part Plaintiff's Motion for Entry of Judgment. Further, the Court finds no basis for remittitur of the amount awarded by the jury.

The Court hereby enters the following judgment:

(1)     Plaintiff Robert Harvey is awarded $180,506 from Defendant United Hearing Services Corporation.

(2)     Plaintiff Robert Harvey hereby takes nothing from Defendant Frank Miller.

(3)     Plaintiff Robert Harvey is awarded post-judgment interest from Defendant United

Hearing Services Corporation of 0.12% from today's date until the above-referenced sum is paid.

(4)     Plaintiff Robert Harvey is also awarded his costs of court for this action from Defendant United Hearing Services Corporation.

All relief requested in this case and not expressly granted is denied.  This judgment finally disposes of all parties and claims and is appealable.

Signed this 27th day of December, 2011.

Andrew S. Hanen
United States District Judge